NOT DESIGNATED FOR PUBLICATION

No. 114,526

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KRISTINA IRWIN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC YOST, judge. Opinion filed May 27, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before GARDNER, P.J., LEBEN, J., and HEBERT, S.J.


*Per Curiam*:  Kristina Irwin appeals the district court's decision to revoke her 12-month probation and reinstate it for 36 months. Irwin admitted to committing aggravated burglary and four counts of theft while she was on probation for a previous theft. When a defendant commits a new crime while on probation, the district court has discretion to revoke probation and either impose the underlying sentence or reinstate probation as it sees fit. In this case, a reasonable person could agree with the district court's decision to revoke and reinstate Irwin's probation.

1

FACTUAL AND PROCEDURAL BACKGROUND

In January 2015, Irwin pleaded guilty to theft with prior convictions. She had stolen some items from Wal-Mart, and her criminal-history worksheet at that time showed three prior theft convictions. The district court sentenced her to 12 months of probation with an underlying 6-month prison sentence.

In May 2015, Irwin pled guilty to aggravated burglary and four counts of theft. Irwin admitted that these new crimes were probation violations, and the district court revoked her probation. The parties agreed that the court should reinstate Irwin's probation but disagreed about its length. Irwin argued for a 12-month term because that was what the court had originally imposed. But the State argued that because Irwin had been convicted of theft and aggravated burglary while already on probation for theft, the court should extend probation to 36 months.

The district court sided with the State and reinstated Irwin's probation for 36 months. Irwin has appealed to this court.

ANALYSIS

Irwin argues that the district court abused its discretion by reinstating a probation term that was three times the length of the original term.

The legal rules applicable to this appeal are straightforward. A district court's decision to revoke probation must be based on a factual finding that the defendant has violated a condition of probation. Once a violation has been established, the decision to revoke probation—and either reinstate it or impose the underlying sentence—has traditionally been within the district court's discretion. *State v. Skolaut*, 286 Kan. 219, 227-29, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

Intermediate sanctions are not an issue in this case because Irwin committed new crimes while on probation. See K.S.A. 2015 Supp. 22-3716(c)(8) (no intermediate sanctions needed if defendant commits a new crime).

We review the district court's decision to revoke and reinstate Irwin's probation for an abuse of discretion. Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. McCullough*, 293 Kan. 970, 981, 270 P.3d 1142 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006).

We find nothing unreasonable about the district court's decision here. After only a few months on probation for stealing, Irwin violated her probation by stealing again; she pled guilty to aggravated burglary and four counts of theft. The district court noted during sentencing that the harm from Irwin's theft crimes was less than what's typical in these cases; for example, in one instance she stole a FedEx box that contained a journal and holiday cards. The record reveals that Irwin struggles with substance abuse; during the plea hearing for the new crimes, she stated that she was "under the influence" during the burglary. During sentencing for the new crimes and the probation violation, Irwin's counsel noted that Irwin recognized she needed substance-abuse treatment. Given these facts, a reasonable person could agree with the district court's conclusion Irwin would benefit from an extended period of supervision and a chance to get substance-abuse treatment, even though the reinstated probation is three times as long as the original probation term.

On Irwin's motion, we accepted this appeal for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke and reinstate Irwin's probation for 36 months.

Affirmed.